UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| EDWARD PRINTUP, | : | CIVIL NO: 1:12-CV-01098 |
| --- | --- | --- |
| Petitioner | : | |
| | : | (Judge Caldwell) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| COMMONWEALTH OF PA, | : | |
| Respondent | : | |

# REPORT AND RECOMMENDATION

## I. Introduction.

In this habeas corpus case, the petitioner is challenging his conviction from the Court of Common Pleas of Dauphin County, Pennsylvania. This is not the first habeas petition that Printup has filed challenging his conviction: he filed a prior habeas petition, which the court denied on the merits in 2003. We recommend that the current petition be dismissed pursuant to 28 U.S.C. § 2244(b) because it is a second or successive petition and the petitioner has not obtained leave of the United States Court of Appeals for the Third Circuit to file the petition.

## II. Factual Background and Procedural History.

In connection with Printup's prior habeas petition, in 2003, Judge Caldwell aptly set forth the long saga thus far regarding Printup's conviction, appeals, post-conviction proceedings, and prior habeas petitions:

> On December 15, 1980, a jury in Dauphin County found Printup guilty of first-degree murder. On March 11, 1981, after denying Printup's motions for a new trial and arrest of judgment, the court imposed a sentence of life in prison. At that time, Petitioner did not file a direct appeal from the judgment of sentence.
>
> On March 16, 1982, Petitioner sought relief under the state Post-Conviction Hearing Act (PCHA), 42 Pa. Cons. Stat. §§ 9541 *et seq.*, amended and renamed Post-Conviction Relief Act (PCRA), by the Act of April 13, 1988, P.L. 336, No. 47. On May 12, 1982, the Commonwealth conceded that the court failed to advise Printup of his appellate rights and that his trial attorney did not file post-trial motions. The Commonwealth suggested that the most efficient remedy would be to grant Printup the right to file post-trial motions *nunc pro tunc*. On June 1, 1982, the trial court agreed and court granted Printup leave to file post-trial motions *nunc pro tunc*.
>
> In his post-trial motions, Printup claimed that his trial attorney was ineffective. Following a hearing, the trial court denied Printup's motions, and again sentenced him to life imprisonment on January 3, 1985. The Pennsylvania Superior Court affirmed the judgment of sentence. *Commonwealth v. Printup,* 356 Pa.Super. 619, 512 A.2d 1291 (1986) (table). Printup did not file a petition for allowance of appeal to the Pennsylvania Supreme Court.
>
> On February 5, 1991, Printup filed a collateral attack on his conviction under the Post-Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. §§ 9541 *et seq*. The PCRA court appointed counsel to represent Printup. Petitioner's appointed attorney filed a motion to withdraw as counsel, claiming Printup's allegations "have either been previously asserted and denied on the merits during prior proceedings or are of no arguable merit." (doc. 9, Ex. P, p. 2). On July 31, 1991,

the PCRA court granted counsel's motion, and determined that Printup's PCRA claims were without merit. Printup did not appeal that order.

On January 15, 1992, Printup filed a second PCRA petition. On March 13, 1992, the PCRA court denied that petition. The court concluded that, except for alleging his counsel was ineffective for failing to appeal the Superior Court's 1986 ruling, the issues raised were identical to those in Printup's 1991 PCRA petition. (doc. 9, Ex. U). The Superior Court affirmed the PCRA court's denial of relief. *Commonwealth v. Printup*, 425 Pa.Super. 648, 620 A.2d 541 (1992)(table). The Pennsylvania Supreme Court denied Printup's petition for allowance of appeal. *Commonwealth v. Printup*, 553 Pa. 650, 624 A.2d 109 (1993)(table).

On August 20, 1993, Printup filed a petition for a writ of habeas corpus in this court under 28 U.S.C. § 2254. Following the recommendation of the Magistrate Judge, we dismissed this petition for failure to exhaust available state court remedies. The Third Circuit construed Printup's notice of appeal as a request for a certificate of probable cause which that court denied. Printup's subsequent petition for writ of *certiorari* was denied. *Printup v. Love*, 513 U.S. 880, 115 S.Ct. 213, 130 L.Ed.2d 14 (1994)(Mem.).

On August 28, 1995, Printup filed a third PCRA petition. On February 15, 1996, the PCRA court denied relief without a hearing. In June 1997, Printup petitioned to have his appellate rights reinstated *nunc pro tunc*, so that he could appeal the February 15, 1996, order dismissing his third PCRA petition. The Dauphin County Court of Common Pleas refused to reinstate Printup's appellate rights. The Superior Court vacated that order, and remanded the case to determine whether Printup had been advised of his right to file an appeal within 30 days of the February 15, 1996, order denying his PCRA petition. *Commonwealth v. Printup*, 731 A.2d 197 (Pa. Super. 1998)(table). On December 14, 1998, the trial court reinstated Printup's appellate rights because the Commonwealth had conceded that the PCRA court had not advised Printup of his right to appeal. The order provided Printup thirty days within which he could file an appeal *nunc pro tunc* from the February 15, 1996, order denying his third PCRA petition. On appeal, on October 24, 2000, the Superior

> Court vacated the order dismissing Printup's third PCRA petition and remanded the case for further proceedings. *Commonwealth v. Printup*, 767 A.2d 1112 (Pa. Super. 2000)(table).
>
> In March 2001, the Dauphin County Court of Common Pleas denied Printup's third petition for relief under PCRA without a hearing. The Superior Court affirmed the order. *Commonwealth v. Printup*, 803 A.2d 796 (Pa. Super. 2002)(table). In its memorandum opinion, the Superior Court concluded that Printup's ineffective assistance of counsel claims either lacked merit or had been previously litigated. Also, the court concluded that Petitioner's claims concerning the jury instructions were previously litigated. The Pennsylvania Supreme Court denied Printup's petition for allowance of appeal. *Commonwealth v. Printup,* 569 Pa. 703, 805 A.2d 522 (2002)(table).
>
> On December 23, 2002, Printup filed this petition for a writ of habeas corpus.

*Printup v. Kyler,* 1:02-CV-02333 (M.D.Pa. June 20, 2003)(doc. 12 at 1-6) (footnotes omitted). In his prior habeas petition, Printup claimed that the trial court failed to give proper jury instructions regarding first-degree murder and that he was denied the effective assistance of trial and appellate counsel. *Id.* at 6-7. In June of 2003, Judge Caldwell denied the prior habeas petition on the basis that Printup's claims were either procedurally defaulted or without merit. *Id.* at 9-25. In March of 2004, the United States Court of Appeals for the Third Circuit denied Printup's request for a certificate of appealability. *Printup v. Kyler,* C.A. No. 03-2941, slip order at *1 (3d Cir. Mar. 2, 2004).

On September 17, 2009, Printup filed a Fourth PCRA petition claiming that he had newly discovered evidence regarding the charges against Harry Koons, a primary Commonwealth witness against him at trial, and an undisclosed deal between the Commonwealth and Koons. *See Commonwealth v. Printup*, No. 1191 CR 1980, slip op. at *2 (C.C.P. Dauphin Cnty. Jan. 8, 2010). In January of 2010, the Dauphin County Court of Common Pleas dismissed that petition. *Id.* The Superior Court affirmed that order, *Commonwealth v. Printup*, 15 A.3d 517 (Pa.Super.Ct. Oct. 5, 2010) (table), and the Pennsylvania Supreme Court denied Printup's petition for allowance of appeal, *Commonwealth v. Printup,* 610 Pa. 585 (Mar. 29, 2011)(table).

In April of 2011, Printup, through counsel, filed an application for permission to file a second or successive habeas petition in the United States Court of Appeals for the Third Circuit based on the newly discovered evidence regarding the Commonwealth's deal with Koons. On June 6, 2011, the Third Circuit denied Printup's application to file a second or successive habeas corpus petition. *In re Printup*, C.A. No. 11-2056, slip order (3d Cir. June 6, 2011).

In his present habeas corpus case, filed June 11, 2012, Printup claims that his "[t]rial counsel was ineffective for failing to conduct any pre-trial investigation concerning the crime scene, the Dauphin County District Attorney's prosecution

5

witnesses, their motive for cooperating with the prosecution against Petitioner, and their criminal records, pending charges, leniency deals being promised to the Commonwealth witnesses." *Doc. 1* at 11-12. More specifically, Printup complains about his trial counsel's failure to properly impeach Harry Koons, who testified at Printup's trial that Printup confessed to the murder while the two were together in a holding cell in the county jail. According to Printup, his trial counsel did not investigate the facts surrounding Koons and did not properly impeach him concerning his motive for testifying for the Commonwealth. Printup also claims that his trial counsel failed to investigate his defense of actual innocence, and counsel did not retain defense experts, which would have shown that someone else killed Printup's stepfather. He claims that his counsel failed to have any viable defense theory whatsoever and failed to conduct any meaningful adversarial challenge to the circumstantial case against him. Although it is not clear whether Printup intends to present this as a separate claim in this case, Printup also contends that he is actually innocent of killing his stepfather.

      The respondent has filed a motion to dismiss the petition on the basis that it is a second or successive petition or, in the alternative, on the basis that it is barred by the statute of limitations.

## III. Discussion.

### A. Printup's Claims are Barred Because his Petition is a Second or Successive Petition.

28 U.S.C. § 2244(b), which imposes both procedural and substantive limits on the filing of second or successive habeas petitions and precludes such petitions except in certain very limited situations, provides, in pertinent part:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable;  or
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

"[F]or purposes of § 2244(b) an 'application' for habeas relief is a filing that contains one or more 'claims.'" *Gonzalez v. Crosby,* 545 U.S. 524, 530 (2005).

"[A] 'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction." *Id.*

In this case, Printup's claims are barred as second or successive claims under 28 U.S.C. § 2244(b). To the extent that the petitioner presents the same claims as he presented in his prior case, the claims are barred under § 2244(b)(1). The claims that were not presented in his prior case are barred by § 2244(b)(3)(A) because Printup has not been granted leave by the Court of Appeals to file a second or successive petition.

### B. **Printup Cannot Avoid the Second or Successive Bar on the Basis of *Martinez v. Ryan*.**

Printup tries to avoid the second or successive bar of § 2244(b) by relying on *Martinez v. Ryan,* 132 S.Ct. 1309 (2012), a case which dealt with the issue of excusing a procedural default.

"Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism." *Martinez, supra,* 132 S.Ct. at 1316. One of these rules is the doctrine of procedural default, which generally

bars a federal court from reviewing the merits of a habeas claim that the prisoner procedurally defaulted in state court. *Id.; Munchinski v. Wilson,* 694 F.3d 308, 332 (3d Cir. 2012). "Grounded in principles of comity and federalism, the procedural default doctrine prevents a federal court sitting in habeas from reviewing a state court decision that rests on a state law ground 'that is sufficient to support the judgment,' when that state law ground 'is independent of the federal question and adequate to support the judgment.'" *Munchinski, supra,* 694 F.3d at 332-33 (quoting *Coleman v. Thompson,* 501 U.S. 722, 729 (1991)). "In such situations, 'resolution of any independent federal ground for the decision could not affect the judgment and would therefore be advisory.'" *Id.* at 333.

There are, however, exceptions to the bar on consideration of procedurally defaulted claims." *Martinez, supra,* 132 S.Ct. at 1316. A federal court may consider the merits of a procedurally defaulted habeas claim in two situations: (1) the petitioner establishes cause for the default and actual prejudice as a result of the alleged violation of federal law; or (2) the petitioner demonstrates that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, *supra,* 501 U.S. at 750. "To show cause and prejudice, 'a petitioner must demonstrate some objective factor external to the defense that prevented compliance with the state's procedural requirements.'" *Cristin v. Brennan*, 281

9

F.3d 404, 412 (3d Cir. 2002)(quoting *Coleman*, *supra,* 501 U.S. at 753) "To show a fundamental miscarriage of justice, a petitioner must demonstrate that he is actually innocent of the crime by presenting new evidence of innocence." *Keller v. Larkins,* 251 F.3d 408, 415–16 (3d Cir.2001) (citation omitted).

The case that Printup relies on—*Martinez*— dealt with the first of these exceptions, i.e., cause and prejudice. To establish "cause" for a procedural default, a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Werts v. Vaughn*, 228 F.3d 178, 193 (3d Cir. 2000)(quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Mere "[a]ttorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must 'bear the risk of attorney error.'" *Coleman, supra,* 501 U.S. at 753 (quoting *Murray, supra,* 477 U.S. at 488). Attorney error that rises to the level of a Sixth Amendment violation, however, does constitute cause. *Id.* at 753-54. "Where a petitioner defaults a claim as a result of the denial of the right to effective assistance of counsel, the State, which is responsible for the denial as a constitutional matter, must bear the cost of any resulting default and the harm to state interests that federal habeas review entails." *Id.* at 754.

In *Coleman,* the Court held that ineffective assistance of counsel on appeal from a denial of state habeas review is not cause for a procedural default. 501 U.S. at 757. The Court in *Coleman* reasoned that because there is no constitutional right to counsel in state postconviction proceedings, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings, and, therefore, attorney error on appeal of such proceedings does not constitute cause to excuse a procedural default. *Id.* at 752-754. Reiterating "that counsel's ineffectiveness will constitute cause only if it is an independent constitutional violation," the Court stated that "[i]n the absence of a constitutional violation, the petitioner bears the risk in federal habeas for all attorney errors made in the course of the representation." *Id.* at 754-55.

In *Martinez,* the United States Supreme Court created a narrow exception to the rule set forth in *Coleman* that an attorney's errors in postconviction collateral proceedings do not constitute cause to excuse a procedural default. 132 S.Ct. at 1315. The Court in *Martinez* held that a prisoner may establish cause for the procedural default of an ineffective-assistance-of-trial-counsel claim by demonstrating the ineffective assistance of his or her counsel in "initial-review collateral proceedings," which the Court defined as collateral proceedings that "provide the first occasion to raise a claim of ineffective assistance at trial." *Id.*

The Court declined to hold, however, that there is a constitutional right to counsel in initial collateral review proceedings. *Id.* The Court stressed that the rule of *Coleman* continues to apply "except as to initial-review collateral proceedings for claims of ineffective assistance of counsel at trial." *Id.* at 1319.

Printup asserts that his PCRA counsel was ineffective for failing to pursue the claims of ineffective assistance of his trial counsel, and, thus, those claims were procedurally defaulted. Because prior to *Martinez,* ineffective assistance of counsel in collateral proceedings was not considered sufficient cause to excuse a procedural default, Printup suggests that his claims have not been addressed on the merits in his prior habeas case. Were this Printup's first habeas petition, we would have to address whether based on *Martinez* his procedural default was excused by the ineffectiveness of his PCRA counsel, but because the petition in this case is a second or successive petition, under 28 U.S.C. § 2244(b) we cannot consider that issue. Before we may consider any of Printup's claims, Printup must first obtain permission from the Third Circuit to file a second or successive petition. Nothing in *Martinez* changes the requirement that before a petitioner may file a second or successive petition, he must obtain permission to do so from the Court of Appeals. Because Printup has not obtained permission from the Third Circuit to file a second or successive petition, this court cannot consider his claims.

## C. The Petition Should Be Dismissed Without Prejudice Rather than Transferred to the Third Circuit.

Printup requests that, if we find that this court cannot consider his claims, we transfer his petition to the Court of Appeals pursuant to 28 U.S.C. § 1631 instead of dismissing the petition.

28 U.S.C. § 1631 provides that a court may transfer an action over which it does not have jurisdiction to a court that does have jurisdiction "if it is in the interest of justice" to do so. "When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).

It does not appear that it would be in the interest of justice to transfer this petition to the Third Circuit as an application for leave to file a second or successive § 2254 petition. First, Printup has not alleged facts sufficient to bring his petition within the gatekeeping requirement of § 2244(b)(2)(A) permitting "second or successive" petitions based upon a new rule of constitutional law. Printup relies on *Martinez v. Ryan,* 132 S.Ct. 1309 (2012), but, although that case set forth a new equitable basis for excusing procedural default, it did not set forth

13

a new rule of constitutional law. *See In re Sepulvado*, 707 F.3d 550, 554 (5th Cir. 2013)("Rather than establish a new rule of constitutional law, *Martinez* is an "equitable ruling" that "qualifies *Coleman* by recognizing a narrow exception: inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial."); *Buenrostro v. United States*, 697 F.3d 1137, 1139 (9th Cir. 2012)(*"Martinez* cannot form the basis for an application for a second or successive motion because it did not announce a new rule of constitutional law."). In fact, the Court in *Martinez* was clear that it was not creating a new constitutional rule. 132 S.Ct. at 1319. After setting forth the reasons why its holding would not put a significant strain on state resources, the Court contrasted its equitable ruling with a constitutional ruling:

> This is but one of the differences between a constitutional ruling and the equitable ruling of this case. A constitutional ruling would provide defendants a freestanding constitutional claim to raise; it would require the appointment of counsel in initial-review collateral proceedings; it would impose the same system of appointing counsel in every State; and it would require a reversal in all state collateral cases on direct review from state courts if the States' system of appointing counsel did not conform to the constitutional rule. An equitable ruling, by contrast, permits States a variety of systems for appointing counsel in initial-review collateral proceedings. And it permits a State to elect between appointing counsel in initial-review collateral proceedings or not asserting a procedural default and raising a defense on the merits in federal

> habeas proceedings. In addition, state collateral cases on direct
> review from state courts are unaffected by the ruling in this case.

*Id.* at 1319-20. Since *Martinez* did not set forth a new rule of constitutional law made retroactive to cases on collateral review, it would not be in the interests of justice to transfer Printup's petition to the Third Circuit.

Second, it would not be in the interests of justice to transfer the petition to the Third Circuit on the basis of the previously undisclosed evidence regarding the Commonwealth's deal with Harry Koons because the Third Circuit has already denied Printup permission to file a second or successive petition on that basis. In April of 2011, Printup, through counsel, filed an application for permission to file a second or successive habeas petition in the United States Court of Appeals for the Third Circuit based on the evidence regarding the Commonwealth's deal with Koons. On June 6, 2011, the Third Circuit denied Printup's application to file a second or successive habeas corpus petition. *In re Printup*, C.A. No. 11-2056, slip order (3d Cir. June 6, 2011).

Because Printup does not assert grounds for relief that fall within the narrow circumstances detailed in § 2244(b)(2) for the filing of a second or successive petition, it would not be in the interest of justice to transfer the petition to the Third Circuit. Accordingly, we recommend that the petition be dismissed without

prejudice to Printup seeking leave from the Third Circuit to file a second or successive petition.

IV. **Recommendations.**

Because the petitioner's claims are barred by 28 U.S.C. § 2244(b), it is recommended that the respondent's motion (doc. 9) to dismiss be granted, that the petition for a writ of habeas corpus be dismissed, and that the case file be closed.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own

determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 11th day of April, 2013.

S/*Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge
